**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**VIVIANA GONZALES CRUZ, ET AL.** **CIVIL ACTION**

**VERSUS** **NO. 26-59-SDD-RLB**

**JOMO F. HODGE, ET AL.**

# ORDER

Before the Court is Defendant's Rule 37 Motion to Compel Discovery. (R. Doc. 11). The deadline to oppose the motion has expired. *See* LR 7(f). Accordingly, the motion is unopposed.

## I. Background

On or about February 20, 2025, Carmela P. Cruz Sanchez and Viviana Gonzales Sanchez (collectively, "Plaintiffs"), initiated this personal injury action against Jomo Fero Hodge, Solid Transportation Services, Inc., Spinnaker Insurance Company, and the fictitious XYZ Insurance Company. (R. Doc. 1-4). Solid Transportation Services, Inc. and Spinnaker Insurance Company were subsequently dismissed, with prejudice. (R. Doc. 1-15).

On January 16, 2026, Jomo Fero Hodge ("Defendant") removed the action on the basis that the Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On March 11, 2026, Defendant served Interrogatories and Requests for Production of Documents on Plaintiffs. (R. Doc. 11-2). This set of written discovery consists of 28 interrogatories[1] and 33 requests for production, including Request for Production No. 5 (which seeks execution of various authorization forms).[2]

[1] Rule 33 only allows a party to serve 25 written interrogatories absent stipulation between the parties or a court order. *See* Fed. R. Civ. P. 33(a)(1)("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").
[2] Defendant did not attach any of these authorization forms to the instant motion.

Plaintiffs had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiffs did not provide any responses.

On March 19, 2026, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on October 30, 2026. (R. Doc. 10).[3]

On May 7, 2026, defense counsel sent an email stating that he had contacted Plaintiffs' counsel's office, and the parties agreed to a two-week extension of the deadline for Plaintiffs to provide responses to the written discovery requests at issue. (R. Doc. 11-4). There is no record of further communications between counsel.

On July 16, 2026, Defendant filed the instant Motion to Compel, which seeks an order requiring Plaintiffs to provide the outstanding responses, as well as an award of reasonable expenses and attorney's fees incurred in connection with the Motion. Plaintiffs did not file a response to the instant Motion to Compel explaining their failure to respond to the written discovery at issue despite the extended deadline. *See* LR 7(f).

## II. Law and Analysis

There is no dispute that Plaintiffs failed to respond to the discovery requests at issue within the times allowed by the Federal Rules of Civil Procedure or otherwise agreed upon by the parties. Accordingly, the Court will grant the Motion to Compel pursuant to Rule 37.

A party generally waives all objections, with the exception of those pertaining to any applicable privileges or immunities, where it fails to provide timely discovery responses. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6

[3] The Court vacated a previous Scheduling Order to allow Plaintiffs' counsel the opportunity to gain admission in this district, which occurred on April 1, 2026. (*See* R. Doc. 9).

(E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Rule 33 provides that the grounds for objecting to an interrogatory must be stated with specificity and any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Rule 34 similarly provides that the grounds for objecting to a request for production must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B). Rule 34 further provides that, "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Here, Plaintiffs did not submit written responses or objections to the Defendant's discovery requests within 30 days after they were served or within the extension of time agreed upon by the parties. Accordingly, Plaintiffs have waived all objections to the written discovery requests other than those based on any applicable privilege or immunity. Plaintiffs must provide complete responses to the requests for production and interrogatories at issue unless otherwise provided below.

First, the Court will allow Plaintiffs to object to the discovery requests to the extent they prematurely seek information and disclosures (including any expert identities and opinions) prior to specific deadlines set forth in the Court's Scheduling Order.

Second, the Court will not compel Plaintiffs to sign authorization forms that have not been submitted for the Court's review. The parties must meet and confer prior to the filing of any further motion regarding the authorization forms referenced in Request for Production No. 5.

Finally, the Court will only require Plaintiffs to provide responses to the first 25 of the 28 written interrogatories at issue. While the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(1) and (2), Defendant did not seek leave prior to serving the interrogatories at issue or otherwise make a showing that leave should be granted to exceed the limit. *See* Fed. R. Civ. P. 33(a)(1); *see also Amir Athletic, LLC v. State Farm First and Casualty Co.*, No. 11-2082, 2012 WL 520658, at *2 (E.D .La. Feb. 16, 2012) ("[T]he court retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made."); *Melder v. Allstate Corp.*, No. 03-2499, 2007 WL 9777975, at *2 (E.D. La. Nov. 5, 2007) (same). Under these circumstances, the Court finds it appropriate to require Plaintiffs only to respond to the first 25 numbered interrogatories at issue. *See Stephens v. Fla. Marine Transporters, Inc.*, No. 12-1873, 2013 WL 12120393, at *3 (E.D. La. Feb. 21, 2013) ("Courts which had found that a party has propounded excessive interrogatories have found that a party who has been propounded excessive discovery requests had an obligation to respond to the 'first' 25 Interrogatories which constitute discrete questions, and strike the rest.") (citing *Lower River Marine, Inc. v. USL-497 Barge*, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007); *Paananen v. Cellco Partnership*, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories.")).

In addition, the Court will also award Defendant his reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

> expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs have not provided any arguments in support of a finding that Defendant did not attempt in good faith to obtain the discovery at issue or any circumstances that would make an award of expenses unjust. Furthermore, Plaintiffs did not file any opposition to the instant motion explaining the failure to provide discovery responses. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 11) is **GRANTED**. Plaintiffs shall provide complete responses to the first 25 Interrogatories and the Requests for Production at issue (R. Doc. 11-2), as provided in the body of this Order, within **7 days** of the date of this Order, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing the Motion to Compel. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[4] Plaintiffs and/or counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiffs shall, within **7 days** of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on August 19, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

[4] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.